

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                    Opinion No. O-2014
                             Re: Authority of County Board
                                 of Trustees of Wilbarger
                                 County, under provisions of
                                 Article 2742e, Section 1,
                                 Vernon's Annotated Civil
                                 Statutes, to attach a
                                 common school district
                                 to an independent school
                                 district under the facts
                                 stated.

          This acknowledges your letter of March
18, 1940, requesting our opinion upon the following
question:

          "May the county board of trustees
of Wilbarger County, under the provisions
of the above mentioned statute, (Article
2742e, Section 1, Vernon's Annotated
Civil Statutes) attach a common school
district, in which no scholastics reside
and in which no school has been maintained
in the last ten years, to the Harrold Independ-
ent School District?"

Article 2742e, Section 1, Vernon's Annotated Civil Statutes, reads as follows:

"That from and after the passage of this Act, the County Board of School Trustees in any county in this State shall have authority and full power to abolish and/or subdivide any common school district, or other district coming under the jurisdiction of said County Board, having fewer than ten (10) resident scholastics within its boundaries, provided that no public school has been conducted in such district for a period of five years immediately preceding such action by said County Board of School Trustees. The territory of any such school district so abolished or subdivided may be attached to any or all contiguous school districts or county line school districts in such manner as may be determined by said County Board. It is further provided that in the event such newly formed school district does not vote to assume the same, said County School Board shall make an adjustment of any outstanding bonded indebtedness, if there be such, and provided for an equitable distribution of all district properties and/or moneys between the districts affected and the territory so divided, detached or added, taking into consideration the value of school properties and the taxable wealth of the districts affected and the territories so divided, detached or added, as the case may be. When said County Board shall have arrived at a satisfactory basis of such an adjustment, it shall have power to make such orders with reference thereto as shall be conclusive and binding upon the districts so affected;

Mr. T. M. Trimble, page 3

> provided, however, that the trustee or
> any residents of the districts or terri-
> tory so affected by the Act of the
> County Board of Trustees as authorized
> by this Act may appeal from the decision
> of the County Board to the District Court."

The fact situation set out in your question falls clearly within the purview of the above quoted statute. Our answer to your question is yes, provided the common school district referred to is contiguous to the Harrold Independent School District.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By            /s/
              Ed Roy Simmons
              Assistant

ERS:LW


A PROVED AUG 22, 1940

/s/ Grover Sellers          Approved
FIRST ASSISTANT             Opinion Committee
ATTORNEY GENERAL            By B.W.B., Chairman